SABRINA L. SHADI, SBN 205405
NICHOLAS D. POPER, SBN 293900
CARTER L. NORFLEET, SBN 317145
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859
*Emails:      sshadi@bakerlaw.com*
*             npoper@bakerlaw.com*
*             cnorfleet@bakerlaw.com*

*Attorneys for Defendant*
SIEMENS MOBILITY, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAMKOTH KEOPADUBSY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS MOBILITY, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement]<br><br><br>Action Filed:  May 14, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, SIEMENS MOBILITY, INC. ("Siemens"), removes the action filed by KHAMKOTH KEOPADUBSY ("Plaintiff") in the Superior Court of the State of California, in and for the County of Sacramento, and captioned Case No. 34-2020-00278580, to the United States District Court for the Eastern District of California.

## THE ACTION & TIMELINESS OF REMOVAL

## PROCEDURAL BACKGROUND

1.      On May 14, 2020, Plaintiff, purportedly on behalf of himself and all others similarly situated, filed a Class and Representative Action Complaint against Siemens in the Superior Court of the State of California, in and for the County of Sacramento, Case No. 34-2020-00278580 (the "State Court Action").

2.      On June 11, 2020, Siemens was served with a copy of the Summons and Complaint.

3.      Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Siemens filed this removal within 30 days of its receipt of a copy of the Summons and Complaint in the State Court Action.

4.      Exhibit "A" constitutes all process, pleadings, and orders served on Siemens in the State Court Action.

5.      Siemens filed its Answer in the State Court Action on July 10, 2020. A true and correct copy of Siemens' Answer is attached as Exhibit "B".

## JURISDICTION AND VENUE

6.      Siemens asserts that this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7.     This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a) and 1446(a).

## DIVERSITY OF CITIZENSHIP

8.     Plaintiff's Citizenship.  As alleged in the Complaint, Plaintiff worked for Siemens in Sacramento County. (Complaint ¶ 7).  Siemens is informed and believes that Plaintiff was, at the time of the filing of the State Court Action, and still is, a resident of the State of California.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994).  Accordingly, Plaintiff is a citizen of the State of California.

9.     Siemens Mobility, Inc.'s Citizenship.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Siemens is incorporated in the State of Delaware.  Pursuant to the *Hertz* nerve center test, Siemens has its principal place of business in the State of New York.  Accordingly, Siemens is a citizen of the states of Delaware and New York.

10.     Doe Defendants.     Although Plaintiff has also named fictitious defendants "DOES 1 through 50," 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  *See also Fristos v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a

- 3 -

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

11. Diversity. Complete diversity of citizenship exists under 28 U.S.C. §§ 1332 inasmuch as Plaintiff is a citizen of the State of California, and Siemens is a citizen of Delaware and New York.

## AMOUNT IN CONTROVERSY

12. A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000 when the plaintiff fails to set forth any specific damage amount. *See, e.g., Cohn v. PetSmart, Inc.,* 281 F.3d 837, 839-40 (9th Cir. 2002). Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement. *Id*. at 839.

13. This action involves Plaintiff's alleged claims against Defendants for: failure to pay overtime wages at the correct regular rate, failure to timely pay wages, failure to timely provide accurate itemized wage statements, engaging in unfair business practices, and violations of the Private Attorneys General Act ("PAGA"). Plaintiff's prayer for relief seeks an award of compensatory damages, including unpaid overtime wages, statutory and civil penalties, restitution, declaratory relief, and attorneys' fees and costs. (*See* Complaint, Prayer for Relief.)

14. Amount In Controversy – Plaintiff. Without conceding that Plaintiff is entitled to or could recover damages in any amount, the amount in controversy for Plaintiff's individual claims is well in excess of $75,000, exclusive of interest and costs.

15. Claim for Waiting Time Penalties. Plaintiff alleges that he separated from employment on May 19, 2019 but, to date, was not paid all overtime wages owed to him. (Complaint ¶¶ 8, 27.) Plaintiff alleges that Siemens' "willful failure to provide all overtime wages due and owing to Plaintiff and Class Members upon separation from employment"… results in "continued payment of wages up to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

thirty (30) days from the time the wages were due" pursuant to pursuant to California Labor Code § 203. (Complaint ¶ 38.) Labor Code § 203 provides that a former employee who is not paid all wages owed at the time he or she is discharged or quits shall receive regular daily wages for each day he or she was not paid, for up to thirty days.

Because Plaintiff alleges wage and hour violations resulting in the failure to pay all overtime upon separation of employment, it is reasonable for purposes of this Notice only to calculate the amount in controversy as follows: applying Plaintiff's hourly rate of pay of $24.18 at the time he separated from employment, the amount in controversy for this claim would be **$5,803** (8 hours per day x $24.18 pay rate x 30 days).

16.   Claim for Inaccurate Itemized Wage Statements.  Plaintiff alleges that "Plaintiff was not provided with accurate itemized wage statements whenever overtime and/or shift differential wages were paid." (Complaint ¶ 27.)  Specifically, Plaintiff alleges that his wage statements either omitted the total hours worked or, whenever the total hours were listed, they did not correspond to the actual total hours worked.  (Complaint ¶ 27.)  Plaintiff seeks penalties pursuant to Labor Code § 226 for these alleged wage statement violations. (Complaint ¶ 45.)

Using the total number of pay periods during the one-year statutory period and the statutory penalty claimed of $50 for the initial violation and $100 per pay period for each subsequent violation, the amount in controversy for this claim would be approximately **$2,650**, (calculated as: [$50 penalty for the initial violation x 1 pay period] + [$100 penalty for each subsequent violation x 26 pay periods]).[1]

17.   Claim for PAGA Penalties.   Plaintiff alleges that because Siemens violated the California Labor Code, he is entitled to recover civil penalties pursuant to Labor Code Section 2699(f) ("PAGA"). (Complaint ¶¶ 51-55.)  Because Plaintiff

---

[1] Based on Plaintiff's last day of employment alleged in the Complaint, he worked 27 pay periods during the relevant one-year status of limitations.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

PAGA claim piggybacks onto his overtime, waiting time penalties, and wage statement claims, each of which assert widespread violations, it is reasonable for purposes of this Notice only to calculate the amount in controversy as follows: using the total number of pay periods during the one-year statutory period and the civil penalty claimed of $100 for the initial violation and $200 per pay period for each subsequent violation, the amount in controversy for this claim would be approximately **$5,300** (calculated as: [$100 penalty for the initial violation x 1 pay period] + [$200 penalty for each subsequent violation x 26 pay periods]).

18. Attorneys' Fees: As part of his relief, Plaintiff seeks attorneys' fees, which Siemens may properly include in its calculation of the amount in controversy. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Further, the amount of the controversy is not limited to the events that occur before the time of removal, but rather all the damages and amounts that can be estimated at the time of removal. "That the amount in controversy is assessed at the time of removal does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). If the plaintiff is legally entitled to future attorneys' fees if the action succeeds, "then there is no question that future [attorneys' fees] are 'at stake' in the litigation. *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F. 3d 785, 794 (9th Cir. 2018).

The amount of attorneys' fees that can be expended in a wage and hour litigation can and usually does exponentially exceed the amount recovered by individual plaintiffs. If Plaintiff's counsel were to litigate this case solely on behalf of Plaintiff, he could easily be expected to incur attorneys' fees into the six figures through trial. *See, e.g., Puerto, et al. v. Wild Oats Markets, Inc.*, BC359723, 2011 Jury Verdicts LEXIS 213326 (Cal Sup. July 5, 2010) (awarding attorneys' fees of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

$200,000 after concluding that two plaintiffs prevailed on their overtime claims for which Plaintiff's recovered $56,673.39 in damages, excluding interest; *see also Bandoy v Huh*, 1996 WL 675978 (Cal. Sup. 1996) (awarding $73,680 in fees in a wage-and-hour employee misclassification case).

It is reasonable to assume that Plaintiff's counsel will spend at least 300 hours litigating Plaintiff's individual claims through discovery, depositions, expert witness discovery and depositions, dispositive motions, pre-trial motions, and trial. Using this estimate, multiplied by Plaintiff's counsel's respective hourly rates, the amount in controversy for attorneys' fees alone is approximately **$210,000** (calculated as: [$750 hourly rate x 150 hours] + $650 hourly rate x 150 hours]).[2]

19.   Total Amount in Controversy.   Based solely on the causes of action considered above plus attorneys' fees, the amount in controversy for Plaintiff's individual claims is at least **$223,753**.   This showing as to the amount in controversy satisfies the standard for removal. "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014).

## NOTICE OF INTERESTED PARTIES

20.   Pursuant to Federal Rule of Civil Procedure 7.1, Siemens is filing a Disclosure Statement concurrently with this Notice of Removal.

[2] Mr. Lee's hourly rate is $750 per hour based on a June 2020 Motion for Final Approval of Class Action Settlement filed in the matter of *Mendoza v. Planned Parenthood Mar Monte, Inc.*, Santa Clara County Superior Court Case No. 18CV329544 (Cal. Sup. June 7, 2020). Mr. Marder's hourly rate is $650 per hour based on a March 2018 Motion for Final Approval of Class Action Settlement filed in the matter of *Ramirez v. Sherwood Management Co., Inc.*, Los Angeles County Superior Court Case No. BC609901 (Cal. Sup. March 19, 2018).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## NOTICE

21. As required by 28 U.S.C. § 1446(d), Siemens is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Sacramento.

Respectfully submitted,

Dated: July 13, 2020    **BAKER & HOSTETLER LLP**

By:    */s/ Carter L. Norfleet*
       SABRINA L. SHADI
       NICHOLAS D. POPER
       CARTER L. NORFLEET

*Attorneys for Defendant*
SIEMENS MOBILITY, INC.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT A

CT Corporation

**Service of Process Transmittal**
06/11/2020
CT Log Number 537775819

**TO:**  Stephanie Mitchell
Siemens Energy & Automation, Inc.
800 North Point Parkway, Suite 450
Alpharetta, GA 30005-4499

**RE:**  **Process Served in California**

**FOR:**  Siemens Mobility, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KHAMK.OTH KEOPADUBSY, etc., Pltf. vs. SIEMENS MOBILITY, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 34202000278580 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/11/2020 at 12:32 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/11/2020, Expected Purge Date: 06/16/2020 |
| | Image SOP |
| | Email Notification,  Stephanie Mitchell  stephanie.mitchell@siemens.com |
| | Email Notification,  SERVICE OF PROCESS LEGAL DEPARTMENT  serviceofprocess.legaldepartment.us@siemens.com |
| | Email Notification,  Skip Lockard  skip.lockard@siemens.com |
| | Email Notification,  Doreen Poole  doreen.poole@siemens.com |
| | Email Notification,  Shawn Dorvit  shawn.dorvit@siemens.com |
| | Email Notification,  Richard O'Connor  richard.oconnor@siemens.com |
| | Email Notification,  Nicholas Bruno  nicholas.bruno@siemens.com |
| | Email Notification,  Scott Slater  Scott.slater@siemens.com |
| | Email Notification,  Barbara Kotick  barbara.kotick@siemens.com |

Page 1 of  2 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT Corporation**

**Service of Process Transmittal**
06/11/2020
CT Log Number 537775819

**TO:**    Stephanie Mitchell
Siemens Energy & Automation, Inc.
800 North Point Parkway, Suite 450
Alpharetta, GA 30005-4499

**RE:**    **Process Served in California**

**FOR:**    Siemens Mobility, Inc.  (Domestic State: DE)

Email Notification,  SHANE KAWKA  shane.kawka@siemens.com

Email Notification,  Tamika Lynch  tamika.lynch@siemens.com

**SIGNED:**    C T Corporation System
**ADDRESS:**    155 Federal St Ste 700
Boston, MA 02110-1727

**For Questions:**    800-448-5350
MajorAccountTeam1@wolterskluwer.com

Page 2 of  2 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



FILED BY FAX

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SIEMENS MOBILITY, INC.. a Delaware corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KHAMKOTH KEOPADUBSY, as an individual and on behalf of all others similarly situated,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**FILED/ENDORSED**

MAY 1 4 2020

By: _____ R. Gomez
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Sacramento
720 9th Street, Sacramento, CA 95814

CASE NUMBER:
*(número del caso):*
**34-2020-00278580**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Larry W. Lee (SBN 228175)/Diversity Law Group, 515 S. Figueroa St. #1250, LA, CA 90071,213-488-6555

DATE: **MAY 1 4 2020**
*(Fecha)*

Clerk, by       R. GOMEZ          , Deputy
*(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Siemens Mobility, Inc, a Delaware Corporation

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 6/11/20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILED BY FAX

Larry W. Lee (State Bar No. 228175)
Kwanporn "Mai" Tulyathan (State Bar No. 316704)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder (State Bar No. 170131)
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
(831) 531-4214
(831) 634-0333 facsimile



**FILED/ENDORSED**

MAY 14 2020

By: _____R. Gomez_____
Deputy Clerk

Attorneys for Plaintiff, the Class, and Aggrieved Employees

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| KHAMKOTH KEOPADUBSY, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>SIEMENS MOBILITY, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: **34 - 2020 - 00278580**<br><br>**CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>(1) **VIOLATION OF LABOR CODE §§ 510, 558, AND 1194;**<br>(2) **VIOLATION OF LABOR CODE § 226(a);**<br>(3) **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*; AND**<br>(4) **VIOLATION OF LABOR CODE § 2698, *ET SEQ.***<br><br>**DEMAND OVER $25,000** |

1

CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff Khamkoth Keopadubsy ("Plaintiff") hereby submits this Class and Representative Action Complaint ("Complaint") against Defendant Siemens Mobility, Inc. ("Defendant"), and Does 1-50 (collectively, "Defendants"), as an individual and on behalf of all other similarly situated current and former employees of Defendants for penalties and/or damages for failure to pay all overtime wages and failure to provide accurate itemized wage statements, in violation of the California Labor Code and the California Business & Professions Code, as follows:

## INTRODUCTION

1.     This class and representative action is within the Court's jurisdiction under California Labor Code §§ 201-203, 226(a), 510, 558, 1194, and 2698 *et seq.*, the California Industrial Welfare Commission's ("IWC") Wage Orders, and the California Unfair Competition Law (the "UCL"), California Business & Professions Code § 17200, *et seq.*

2.     This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the California Business & Professions Code against employees of Defendants.

3.     Plaintiff is informed and believes, and based thereon alleges, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to correctly pay overtime wages and failing to keep accurate records as to Plaintiff and other employees.

4.     Plaintiff is informed and believes, and based thereon, alleges that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, California Business & Professions Code, and applicable IWC Wage Orders by creating and maintaining policies, practices, and customs that knowingly deny employees the above-stated rights and benefits.

5.     The policies, practices, and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the California Business & Professions Code.

2

**JURISDICTION AND VENUE**

6.      The Court has jurisdiction over the violations of the California Labor Code §§ 201-203, 226(a), 510, 558, 1194, and 2698, *et seq.*, and the UCL.

7.      Venue is proper in Sacramento County, because Defendant does business in this County and Plaintiff worked for Defendant in this County.

**PARTIES**

8.      Plaintiff is a former employee of Defendant.  Plaintiff worked for Defendant as a welder from 2010, until on or about May 19, 2019.  Throughout his employment with Defendant, Plaintiff was an hourly, non-exempt employee.

9.      During his employment with Defendant, Plaintiff regularly worked overtime and was paid non-discretionary remuneration, including without limitation, shift differential wages, during the same workweek.

10.      Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code §§ 201-203, 226(a), 510, 558, 1194, and 2698, *et seq.*, the applicable IWC Wage Orders, and the UCL.

11.      Plaintiff is informed and believes, and based thereon alleges, that Defendant was and is a Delaware corporation doing business in the State of California.  Defendant manufactures locomotives and provides various mobility services for transportation infrastructures across the State of California, including in the County of Sacramento.

12.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendant and Does 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

13.      As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-203, 226(a), 510, 558, 1194, 2698, *et seq.*, the IWC Wage Orders, and the UCL.

14.      Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason,

3

said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

15. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

16. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

17. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

CLASS AND REPRESENTATIVE ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

19. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382. Plaintiff proposes the following Classes:

a. All current and former non-exempt employees of Defendants in the State of California who were paid overtime wages and non-discretionary remuneration, including without limitation shift differential wages, during the same workweek, at any time during April 6, 2016, to the present (the "Overtime Regular Rate Class"); and

b. All current and former non-exempt employees of Defendants in the State of California who were paid overtime wages at any time during April 6, 2019, to the present (the "Overtime Wage Statement Class")

c. All current and former non-exempt employees of Defendants in the State of California who were paid shift differential wages at any time during April 6, 2019, to the present (the "Shift Differential Wage Statement Class").

20. Plaintiff reserves the right to propose additional classes and/or subclasses, and/or amend the above class definitions upon further discovery and investigation.

21. **Numerosity and Ascertainability:** The members of the Classes are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Classes is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff alleges that Defendants: (a) failed to pay employees overtime wages at the correct regular rate of pay that included all non-discretionary remuneration, in violation of Labor Code §§ 510, 558 and 1194; (b) failed to provide accurate itemized wage statements in violation of Labor Code § 226(a); and (c) engaged in unfair business practices in violation of the California Labor Code, the UCL, and the applicable IWC Wage Orders.

22. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Classes defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Classes and the named Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in

5

California state and federal courts.

23.     Defendants uniformly administered a corporate policy and practice of:  (a) failing to pay employees overtime wages at the correct regular rate of pay that included all non-discretionary remuneration, in violation of Labor Code §§ 510, 558 and 1194; (b) failing to provide accurate itemized wage statements in violation of Labor Code § 226(a); and (c) engaging in unfair business practices in violation of the California Labor Code, the UCL, and the applicable IWC Wage Orders.

24.     Plaintiff is informed and believes, and based thereon alleges, that this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper hourly rates of pay, total hours worked, gross wages earned, and net wages earned.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants had a consistent and uniform policy, practice, and procedure of willfully failing to comply with Labor Code §§ 201-203, 226(a), 510, 558, and 1194, the UCL, and applicable IWC Wage Orders.

26.     **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Classes concerning Defendants' policy and practice of:  (a) failing to pay employees overtime wages at the correct regular rate of pay that included all non-discretionary remuneration, in violation of Labor Code §§ 510, 558 and 1194; (b) failing to provide accurate itemized wage statements in violation of Labor Code § 226(a); and (c) engaging in unfair business practices in violation of the California Labor Code, the UCL, and the applicable IWC Wage Orders.

27.     **Typicality:**  The claims of Plaintiff are typical of the claims of all class members in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as class members.  As with all other non-exempt employees of Defendants, Plaintiff earned non-discretionary remuneration, including without limitation, shift differential wages.  During workweeks when Plaintiff worked in excess of eight hours in a workday and/or forty hours in a workweek and received non-discretionary compensation in that same workweek, Defendants

6

failed to correctly calculate Plaintiff's regular rate of pay for the purposes of paying overtime. In this regard, Defendants failed to include any non-discretionary remuneration earned into the calculation of the regular rate. Thus, Plaintiff is owed additional overtime pay based on the correct, higher regular rate of pay. To date, Plaintiff has yet to receive the underpaid overtime wages owed to him. Thus, Defendant is liable for waiting time penalties under Labor Code § 203. Moreover, due to Defendants' miscalculation of the regular rate of pay for purposes of paying overtime, the wage statements provided to Plaintiff did not reflect the accurate overtime rates of pay, gross wages earned, and net wages earned, in violation of Labor Code § 226(a)(1), (a)(5), and (a)(9). As a separate violation of Labor Code § 226(a), Plaintiff was not provided with accurate itemized wage statements whenever overtime and/or shift differential wages were paid. In this regard, whenever overtime wages were paid to Plaintiff, the wage statements failed to correctly identify the overtime rate as 1.5 times the regular rate of pay. Rather, the wage statements simply depict Plaintiff's base hourly rate as his overtime rate in violation of Labor Code § 226(a)(9). In addition, the total hours worked as listed on Plaintiff's wage statements were inaccurately listed whenever overtime and/or shift differential wages were paid. In particular, the wage statements provided to Plaintiff omitted the total of hours worked. Moreover, whenever the hours worked as listed on the wage statements are added up, it does not correspond to the actual total hours worked by Plaintiff, in violation of Labor Code § 226(a)(2). As such, Plaintiff is a member of the Classes and has suffered the alleged violations of California Labor Code §§ 201-203, 226(a), 510, 558, and 1194.

28. The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

29. The nature of this action and the format of laws available to Plaintiff and members of the Classes identified herein make the class action format a particularly efficient and

CLASS AND REPRESENTATIVE ACTION COMPLAINT

appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each individual class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

30.	The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual class members are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

31.	Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Classes identified herein, in a civil action, for unpaid minimum wages, overtime wages, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203, 218.5, 226(a), 510, 558, 1194, and Code of Civil Procedure § 1021.5.

32.	Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the class members to recovery on the causes of action alleged herein.

33.	The Overtime Regular Rate Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Overtime

8

Regular Rate Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 510, 558, AND 1194

## (BY PLAINTIFF AND THE OVERTIME REGULAR RATE CLASS AGAINST ALL DEFENDANTS)

34.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35.    This cause of action is brought pursuant to Labor Code § 510, which requires an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek.

36.    As a pattern and practice, Defendants suffered and permitted employees to work in excess of eight hours in a workday and/or over 40 hours in a workweek without proper overtime pay. During workweeks where Plaintiff and Class Members worked overtime and earned non-discretionary remuneration, including without limitation, shift differential wages, in the same workweek, Defendants failed to properly calculate the regular rate of pay for purposes of paying overtime. In particular, Defendants failed to factor any non-discretionary remuneration earned into the calculation of the regular rate of pay for purposes of paying overtime wages. As a result of such policy and practice, Defendants underpaid overtime wages to Plaintiff and the Class and thus owe additional overtime wages.

37.    Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 510, 558, and 1194.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to provide all overtime wages due and owing to Plaintiff and Class Members upon

9

separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment from Defendants are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

### (BY PLAINTIFF, THE OVERTIME REGULAR RATE CLASS, THE OVERTIME WAGE STATEMENT CLASS, AND THE SHIFT DIFFERENTIAL WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)

39.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40.    Labor Code § 226(a) requires employers to provide itemized wage statements to its employees that identify accurate information, including without limitation, all applicable hourly rates in effect during the pay period, gross wages earned, net wages earned, and total hours worked by the employee. Defendants, as a matter of policy and practice, failed in its affirmative obligation to provide accurate itemized wage statements to Plaintiff, Overtime Regular Rate Class Members, Overtime Wage Statement Class Members, and Shift Differential Wage Statement Class Members, in violation of Labor Code § 226(a).

41.    As a result of Defendants' violations of Labor Code §§ 510, 558, and 1194 as identified above, the wage statements issued to Plaintiff and Overtime Regular Rate Class Members intentionally did not accurately identify the correct applicable hourly rates for overtime wages, gross wages earned, and net wages earned, in violation of Labor Code § 226(a)(1), (a)(5), and (a)(9).

42.    As a separate violation of Labor Code § 226(a)(9), Defendants provided wage statements to Plaintiff and Overtime Wage Statement Class Members that inaccurately identify the overtime hourly rates of pay whenever overtime wages were paid. In particular, Labor Code § 510 requires that overtime be paid at a rate of "no less than one and one-half times the regular rate of pay." However, whenever overtime wages were paid, the wage statements issued to

10

Plaintiff and Overtime Wage Statement Class Members did not identify the overtime rate as 1.5 times the regular rate of pay. Rather, the overtime rate appeared on the wage statements as the employee's base hourly rate of pay.

43. As another separate violation of Labor Code § 226(a), Defendants also provided wage statements to Plaintiff, Overtime Wage Statement Class Members, and Shift Differential Wage Statement Class Members that inaccurately identified the total hours worked whenever overtime and/or shift differential wages were paid. In this regard, the wage statements provided to Plaintiff and Class Members omitted the total hours worked. Moreover, whenever the hours worked as listed on the wage statements are added up, the sum total does not correspond to the actual total hours worked by each employee in the pay period. Thus, Plaintiff and Class Members cannot determine the total hours worked just by looking at the wage statements or by way of simple calculation. This is a direct violation of Labor Code § 226(a)(2).

44. The issuance of inaccurate wage statements caused actual injury to Plaintiff and Class Members as they cannot accurately verify and/or calculate their wages.

45. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## THIRD CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

### (BY PLAINTIFF AND THE OVERTIME REGULAR RATE CLASS AGAINST ALL DEFENDANTS)

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including by failing to pay employees overtime wages at the correct

11

regular rate of pay in violation of Labor Code §§ 510, 558, and 1194.

48.     Defendants' utilization of such unfair and unlawful business practices constitutes unfair and unlawful competition and provides an unfair advantage over Defendants' competitors.

49.     Plaintiff seeks, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

50.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business & Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE PAGA, LABOR CODE §§ 2698, *ET SEQ.*

## (BY PLAINTIFF AND THE AGGRIEVED EMPLOYEES AGAINST ALL

## DEFENDANTS)

51.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

52.     Plaintiff brings this cause of action as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees from April 6, 2019, through the present, for Defendants' violations of Labor Code §§ 201-203, 226(a), 510, 558, and 1194, arising from Defendants' following misconduct alleged above:  (a) failure to pay overtime wages at the correct regular rate of pay that included non-discretionary remuneration, in violation of Labor Code §§ 201-203, 510, 558, and 1194; and (b) failure to provide accurate itemized wage statements in violation of Labor Code § 226(a).

53.     Because of Defendants' above-stated Labor Code violations, Plaintiff is an "aggrieved employee" as defined in Labor Code § 2699(a).  As such, Plaintiff brings this cause

12

of action on behalf of the State of California for violations committed against all similarly situated Aggrieved Employees of Defendant.

54.    On or about May 8, 2020, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code §§ 201-203, 226(a), 510, 558, and 1194, pursuant to Labor Code § 2698, *et seq.* As of the date of the filing of this Complaint, the LWDA has yet to provide notice to Plaintiff as to whether it intends to investigate the Labor Code violations provided for in the written notice. In addition to the LWDA, Plaintiff also sent his written notice to Defendants via certified mail according to Labor Code § 2699.3.

55.    As such, pursuant to Labor Code § 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendants' violations of Labor Code §§ 201-203, 226(a), 510, 558, and 1194, for the time period described above, on behalf of himself and other Aggrieved Employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.    For an order certifying the proposed Classes;

2.    For an order appointing Plaintiff as the representatives of the Classes as described herein;

3.    For an order appointing counsel for Plaintiff as Class counsel;

4.    Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201-203, 218.5, 510, 558 and 1194, and for costs and attorneys' fees;

5.    Upon the Second Cause of Action, for damages and/or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

6.    Upon the Third Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business & Professions Code § 17200, *et seq.*;

13

7.  Upon the Fourth Cause of Action, for the full amount of civil penalties pursuant to Labor Code §§ 226.3 and 2698, *et seq.*, and for costs and attorneys' fees;

8.  On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 510, 558, 1194, and 2698, *et seq.*, and Code of Civil Procedure § 1021.5; and

9.  For such other and further relief as the Court may deem just and proper.

DATED: May 14, 2020                    DIVERSITY LAW GROUP, P.C.

By: _____
    Larry W. Lee
    Mai Tulyathan
    Attorneys for Plaintiff, the Class, and Aggrieved
    Employees

14

CLASS AND REPRESENTATIVE ACTION COMPLAINT

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name State Bar number and address)
Larry W. Lee (SBN 228175) / Kwanporn "Mai" Tulyathan (SBN 316704)
DIVERSITY LAW GROUP
515 S Figueroa Street, Suite 1250
Los Angeles, California 90071
TELEPHONE NO. (213) 488-6555    FAX NO. (213) 488-6554
ATTORNEY FOR (Name) Plaintiff Khamkoth Keopadubsy

**FOR COURT USE ONLY**

**FILED/ENDORSED**

MAY 1 4 2020

By: _____R. Gomez_____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS 720 9th Street
MAILING ADDRESS
CITY AND ZIP CODE Sacramento, CA 95814
BRANCH NAME Gordon D. Schaber Sacramento County Courthouse

CASE NAME
Khamkoth Keopadubsy v. Siemens Mobility, Inc

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER 34-2020-00278580 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE  DEPT |

*Items 1–6 below must be completed (see instructions on page 2)*

1. Check one box below for the case type that best describes this case

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management
a. ☐ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☑ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary, declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify). Four (4)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 14, 2020

Larry W. Lee
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2 30, 3 220, 3 400–3 403, 3 740,
Cal Standards of Judicial Administration, std 3 10
www courtinfo ca gov

FILED BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
## SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

---



**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

## ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

### Mediation.
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

**Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

**Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

## UNLIMITED CIVIL CASES
- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement.*

## LIMITED CIVIL CASES
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



## Arbitration
### *UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

### LIMITED CIVIL CASES
Arbitration may occur in a limited civil case under the following circumstances:
- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

### Additional Information
For additional information regarding the Court's ADR program, please go to the Court's website
http://www.saccourt.ca.gov.

# EXHIBIT B

FILED BY FAX

SABRINA L. SHADI, SBN 205405
NICHOLAS D. POPER, SBN 293900
CARTER L. NORFLEET, SBN 318152
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:     310.820.8800
Facsimile:     310.820.8859
*Emails:*        *sshadi@bakerlaw.com*
                    *npoper@bakerlaw.com*
                    *cnorfleet@bakerlaw.com*

*Attorneys for Defendant*
SIEMENS MOBILITY, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| KHAMKOTH KEOPADUBSY, an individual and on behalf of all others similarly situated, Plaintiff, <br><br> v. <br><br> SIEMENS MOBILITY, INC., a Delaware Corporation; and DOES 1 to 50, inclusive, <br><br> Defendants. | Case No.: 34-2020-00278580-CU-OE-GDS <br><br> [Honorable Russel L. Hom, Dept. 47] <br><br> **DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** <br><br><br> Date Filed:  May 14, 2020 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

SIEMENS MOBILITY, INC. ("Defendant") answers the unverified Class Action & PAGA Representative Action Complaint ("Complaint") of KHAMKOTH KEOPADUBSY ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant denies each and every allegation contained in the Complaint and further denies that Plaintiff, any members of the putative class, or any purportedly "aggrieved employees" under California Labor Code Sections 2699, *et seq.* ("PAGA") have been damaged or injured in the amount or manner alleged, or at all.  Defendant also denies that it is liable to Plaintiff, any putative class member, or any purportedly "aggrieved employees" under PAGA in any amount or manner whatsoever.

## AFFIRMATIVE DEFENSES

Defendant asserts and alleges each of the following affirmative defenses set forth below.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      Each purported cause of action in the Complaint fails to include facts sufficient to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Not a Proper Class Action)

2.      Any recovery on the class allegations of the Complaint is barred because Plaintiff has failed to identify a proper class of plaintiffs.  Additionally, Plaintiff is not an adequate representative of any putative class of plaintiffs; his claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; and/or a class action is neither manageable nor superior.

## THIRD AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

3.      Plaintiff's purported first cause of action as it relates to waiting time penalties is barred, in whole or in part, because at all relevant times in this matter Defendant had a good-faith

- 2 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

belief that Plaintiff , the putative class members, and/or the purportedly "aggrieved employees" under PAGA were properly paid all wages legally owed and therefore disputes any allegation that wages are owed and unpaid.

## FOURTH AFFIRMATIVE DEFENSE

### (Offset)

4.   Defendant is entitled to set off against any amount awarded to Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" under PAGA in this action for:  (1) all overpayments of compensation, if any, to Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" under PAGA; (2) other sums that Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" under PAGA received during the course of their respective alleged employment with Defendant to which they were not entitled, if any; and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" under PAGA.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.   Each purported causes of action alleged in the Complaint are barred, in whole or in part, by the applicable limitations periods provided by law, including, but not limited to, those set forth in California Code of Civil Procedure §§ 338 and/or 340 and in California Business and Professions Code § 17208.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.   Each purported cause of action alleged in the Complaint is barred, in whole or in part, by the equitable doctrine of laches inasmuch as Plaintiff has inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendant.

///

///

///

DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
Case No.:  34-2020-00278580-CU-OE-GDS
4828-1272-3138.2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

7. Plaintiff, by his own actions, has waived, in whole or in part, each purported cause of action alleged in the Complaint and are now estopped from bringing such causes of action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8. Each purported causes of action alleged in the Complaint are barred, in whole or in part, on the ground that Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" entered into this litigation with unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

9. Any potential recovery by Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" is barred or, at a minimum, limited by the doctrine of avoidable consequences.

## TENTH AFFIRMATIVE DEFENSE

### (De Minimis)

10. The claims of Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" fail in whole or in part under the *de minimis* doctrine. In addition, the damages (if any) associated with such claims are too speculative to be permitted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Due Process)

11. Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" under PAGA are precluded from recovering penalties from Defendant to the extent such remedies would violate Defendant's due process under the California and United States Constitutions.

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Requirements of Representative Claim)**

12. Plaintiff has failed to plead adequately the elements which are necessary to maintain a representative claim under PAGA because all purportedly "aggrieved employees" who are purportedly represented by Plaintiff, are not similarly situated to each other or to Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(PAGA Failure to Provide Notification)**

13. Plaintiff's purported PAGA cause of action is barred because Plaintiff failed to provide the Labor Workforce Development Agency, and fail to provide in the Complaint, the names of the purportedly "aggrieved employees" on whose behalf they seek penalties under PAGA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Remedies)**

14. Plaintiff's purported PAGA cause of action is barred to the extent Plaintiff, and the individuals on whose behalf Plaintiff seek relief, failed to satisfy the notice and exhaustion requirements under PAGA, and to the extent that they otherwise have failed to exhaust administrative remedies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Not "Aggrieved Employees")**

15. Plaintiff's purported PAGA cause of action is barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

16. Plaintiff's PAGA cause of action is barred because an award of civil penalties under PAGA would result in the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

17. Although Defendant denies that Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" under PAGA are entitled to any recovery under the purported second and fourth causes of action in the Complaint, to the extent recovery is awarded, Plaintiff, the putative class members, and/or the purportedly "aggrieved employees" under PAGA are limited to statutory or civil penalties at the initial violation rate only.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Duplicative Recovery)

18. Recovery of penalties under the purported second and fourth causes of action in the Complaint and/or under Labor Code § 558 are barred, in whole or in part, to the extent they are derivative of other allegations contained in the Complaint and would lead to impermissible, duplicative recovery.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reservation of Further Defenses as to Each Cause of Action)

19. Defendant hereby reserves the right to amend this pleading to include further affirmative defenses.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Future Defenses)

21. Defendant reserves the right to amend this pleading to include further affirmative defenses

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

(a)    For an Order dismissing Plaintiff's claims with prejudice and entering judgment in favor of Defendant.

(b)    For all reasonable costs and attorneys' fees incurred by Defendant in connection with the defense of this matter; and

///

///

- 6 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(c)    For such other relief as the Court in the exercise of its discretion deems just and proper.

Respectfully submitted,

Dated:  July 10, 2020                      **BAKER & HOSTETLER LLP**

By:  _____
     SABRINA L. SHADI
     NICHOLAS D. POPER
     CARTER L. NORFLEET

*Attorneys for Defendant*
SIEMENS MOBILITY, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120.  On July 10, 2020, I served a copy of the within document(s):

**DEFENDANT SIEMENS MOBILITY, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☑   **VIA U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Larry W. Lee, Esq.                               *Attorneys for Plaintiff*
Kwanporn "Mai" Tulyathan, Esq.                   CLASS and AGGRIEVED EMPLOYEES
DIVERSITY LAW GROUP, P.C.
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Tel: (213) 488-6555
Fax: (213) 48-.6554

William L. Marder, Esq.                          *Attorneys for Plaintiff*
Polaris Law Group LLP                            CLASS and AGGRIEVED EMPLOYEES
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 10, 2020, at Los Angeles, California.

_____
Denise Walker

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8

## PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA  90025-0509.  On July 13, 2020, I served a copy of the within document(s):  **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ **VIA US MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Larry W. Lee, Esq.
Kwanporn "Mai" Tulyathan, Esq.
**DIVERSITY LAW GROUP, P.C**.
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Tel:    (213) 488-6555
Fax:    (213) 488-6554

*Attorneys for Plaintiff*
*The Class, and Aggrieved Employees*

William L. Marder, Esq.
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel:    (831) 531-4214
Fax:    (831) 634-0333

*Attorneys for Plaintiff*
*The Class, and Aggrieved Employees*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on July 13, 2020, at Los Angeles, California.

/s/Denise Walker
Denise Walker

4846-0089-7218

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES