Larry W. Lee (State Bar No. 228175)
Kwanporn "Mai" Tulyathan (State Bar No. 316704)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder (State Bar No. 170131)
**Polaris Law Group**
501 San Benito Street, Suite 200
Hollister, CA 95023
(831) 531-4214
(831) 634-0333 facsimile

Attorneys for Plaintiff, the Class, and Aggrieved Employees

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAMKOTH KEOPADUBSY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SIEMENS MOBILITY, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-01412-MCE-CKD<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>(1) **VIOLATION OF LABOR CODE §§ 510, 558, AND 1194;**<br>(2) **VIOLATION OF LABOR CODE § 226(a);**<br>(3) **VIOLATION OF LABOR CODE §§ 226.7 AND 512;**<br>(4) **VIOLATION OF LABOR CODE § 2802;**<br>(5) **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*; AND**<br>(6) **VIOLATION OF LABOR CODE § 2698, *ET SEQ.***<br><br>**DEMAND OVER $25,000** |

Plaintiff Khamkoth Keopadubsy and Plaintiff Biyaa Kareem Morris ("Plaintiffs") hereby submits this First Amended Class and Representative Action Complaint ("Complaint") against Defendant Siemens Mobility, Inc. ("Defendant"), and Does 1-50 (collectively, "Defendants"), as an individual and on behalf of all other similarly situated current and former employees of Defendants for penalties and/or damages for failure to pay all overtime wages, failure to provide off-duty meal periods, failure to reimburse business expenses, and failure to provide accurate itemized wage statements, in violation of the California Labor Code and the California Business & Professions Code, as follows:

**INTRODUCTION**

1. This class and representative action is within the Court's jurisdiction under California Labor Code §§ 201-203, 226(a), 226.7, 450, 510, 512, 558, 1194, 2698 *et seq.*, and 2802, the California Industrial Welfare Commission's ("IWC") Wage Orders, and the California Unfair Competition Law (the "UCL"), California Business & Professions Code § 17200, *et seq*.

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and the California Business & Professions Code against employees of Defendants.

3. Plaintiffs are informed and believe, and based thereon allege, that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to correctly pay overtime wages, failing to provide off-duty meal breaks, failing to reimburse business expenses, and failing to keep accurate records as to Plaintiffs and other employees.

4. Plaintiffs are informed and believe, and based thereon, allege that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, California Business & Professions Code, and applicable IWC Wage Orders by creating and maintaining policies, practices, and customs that knowingly deny employees the above-stated rights and benefits.

5. The policies, practices, and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over

businesses that routinely adhere to the strictures of the California Labor Code and the California Business & Professions Code.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over the violations of the California Labor Code §§ 201-203, 226(a), 226.7, 450, 510, 512, 558, 1194, 2698, *et seq.*, and 2802, and the UCL.

7. Venue is proper in Sacramento County, because Defendant does business in this County and Plaintiffs worked for Defendant in this County.

**PARTIES**

8. Plaintiff Keopadubsy is a former employee of Defendant. Plaintiff Keopadubsy worked for Defendant as a welder from 2010, until on or about May 19, 2019. Throughout his employment with Defendant, Plaintiff Keopadubsy was an hourly, non-exempt employee.

9. During his employment with Defendant, Plaintiff Keopadubsy regularly worked overtime and was paid non-discretionary remuneration, including without limitation, shift differential wages, during the same workweek.

10. Plaintiff Morris is a former employee of Defendant. Plaintiff Morris worked for Defendant in the position of Blaster 1 from on or about January 2, 2018, until on or about June 30, 2021. Throughout his employment with Defendant, Plaintiff Morris was an hourly, non-exempt employee.

11. During their employment with Defendant, Plaintiff Morris regularly worked shifts of 5 hours or more and did not receive compliant off-duty meal periods. Plaintiff Morris was required to purchase and wear work uniforms but did not receive any reimbursement for said uniform costs.

12. Plaintiffs are and were the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed by California Labor Code §§ 201-203, 226(a), 226.7, 450, 510, 512, 558, 1194, 2698, *et seq.*, and 2802, the applicable IWC Wage Orders, and the UCL.

13. Plaintiffs are informed and believe, and based thereon allege, that Defendant was and is a Delaware corporation doing business in the State of California. Defendant manufactures

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

locomotives and provides various mobility services for transportation infrastructures across the State of California, including in the County of Sacramento.

14. Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned Defendant and Does 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

15. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-203, 226(a), 510, 558, 1194, 2698, *et seq.*, the IWC Wage Orders, and the UCL.

16. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this Complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

17. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

18. Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

19.   At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

20.   At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

21.   **Definition:** The named Plaintiffs seek class certification, pursuant to California Code of Civil Procedure § 382. Plaintiffs propose the following Classes:

   a.   All current and former non-exempt employees of Defendants in the State of California who were employed by Defendants at any time during April 6, 2016, to the present (the "Class");

   b.   All current and former non-exempt employees of Defendants in the State of California who were paid overtime wages and non-discretionary remuneration, including without limitation shift differential wages, during the same workweek, at any time during April 6, 2016, to the present (the "Overtime Regular Rate Class");

   c.   All current and former non-exempt employees of Defendants in the State of California who were paid overtime wages at any time during April 6, 2019, to the present (the "Overtime Wage Statement Class");

   d.   All current and former non-exempt employees of Defendants in the State of California who were paid shift differential wages at any time during April 6, 2019, to the present (the "Shift Differential Wage Statement Class"); and

   e.   All current and former non-exempt employees of Defendants in the State of California who worked more than five (5) hours in any shift, at any time from April 6, 2016,

1  to the present (the "Meal Period Class").

2      22.    Plaintiffs reserve the right to propose additional classes and/or subclasses, and/or amend the above class definitions upon further discovery and investigation.

4      23.    **Numerosity and Ascertainability:**  The members of the Classes are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the Classes is readily ascertainable by review of Defendants' records, including payroll records.  Plaintiffs allege that Defendants:  (a) failed to pay employees overtime wages at the correct regular rate of pay that included all non-discretionary remuneration, in violation of Labor Code §§ 510, 558 and 1194; (b) failed to provide off-duty meal periods in compliance with California law, or pay meal period premiums in lieu thereof, in violation of California Labor Code §§ 226.7 and 512; (c) failed to reimburse necessary business expenses, including without limitation, work uniform expenses, in violation of California Labor Code §§ 450 and 2802; (d) failed to provide accurate itemized wage statements in violation of Labor Code § 226(a); and (e) engaged in unfair business practices in violation of the California Labor Code, the UCL, and the applicable IWC Wage Orders.

16      24.    **Adequacy of Representation**:  The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the Classes defined above.  Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the Classes and the named Plaintiffs.  Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

22      25.    Defendants uniformly administered a corporate policy and practice of:  (a) failing to pay employees overtime wages at the correct regular rate of pay that included all non-discretionary remuneration, in violation of Labor Code §§ 510, 558 and 1194; (b) failing to provide off-duty meal periods, or pay meal period premiums in lieu thereof, in violation of Labor Code § 226.7 and 512; (c) failing to reimburse necessary business expenses, including without limitation work uniform expenses, in violation of Labor Code §§ 450 and 2802; (d) failing to provide accurate itemized wage statements in violation of Labor Code § 226(a); and (e) engaging

in unfair business practices in violation of the California Labor Code, the UCL, and the applicable IWC Wage Orders.

26. Plaintiffs are informed and believe, and based thereon allege, that this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper hourly rates of pay, total hours worked, gross wages earned, and net wages earned.

27. Plaintiffs are informed and believe, and based thereon allege, that Defendants had a consistent and uniform policy, practice, and procedure of willfully failing to comply with Labor Code §§ 201-203, 226(a), 226.7, 450, 510, 512, 558, 1194, and 2802, the UCL, and applicable IWC Wage Orders.

28. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Classes concerning Defendants' policy and practice of: (a) failing to pay employees overtime wages at the correct regular rate of pay that included all non-discretionary remuneration, in violation of Labor Code §§ 510, 558 and 1194; (b) failing to provide off-duty meal periods, or pay meal period premiums thereof, in violation of Labor Code §§ 226.7 and 512; (c) failing to reimburse necessary business expenses, including without limitation work uniform expenses, in violation of Labor Code §§ 450 and 2802; (d) failing to provide accurate itemized wage statements in violation of Labor Code § 226(a); and (e) engaging in unfair business practices in violation of the California Labor Code, the UCL, and the applicable IWC Wage Orders.

29. **Typicality:** The claims of Plaintiffs are typical of the claims of all class members in that Plaintiffs have suffered the harm alleged in this Complaint in a similar and typical manner as class members. As with all other non-exempt employees of Defendants, Plaintiffs earned non-discretionary remuneration, including without limitation, shift differential wages. During workweeks when Plaintiffs worked in excess of eight hours in a workday and/or forty hours in a workweek and received non-discretionary compensation in that same workweek, Defendants failed to correctly calculate Plaintiffs' regular rate of pay for the purposes of paying overtime. In this regard, Defendants failed to include any non-discretionary remuneration earned into the

1  calculation of the regular rate. Thus, Plaintiffs are owed additional overtime pay based on the
2  correct, higher regular rate of pay. Additionally, Plaintiffs occasionally worked shifts of five
3  hours or more without receiving proper off-duty meal periods. In this regard, because of the
4  staffing and operational needs of Defendants, Plaintiffs were not allowed to take off-duty meal
5  periods that lasted the full 30 minutes and/or that were timely within the first five hours of the
6  shifts that they worked in excess of five hours. Plaintiffs did not receive the meal period
7  premium compensation in lieu of these noncompliant meal periods. To date, Plaintiffs have yet
8  to receive the underpaid overtime wages and premium compensation owed to them. Thus,
9  Defendant is liable for waiting time penalties under Labor Code § 203. Moreover, due to
10 Defendants' miscalculation of the regular rate of pay for purposes of paying overtime, the wage
11 statements provided to Plaintiffs did not reflect the accurate overtime rates of pay, hours worked,
12 gross wages earned, and net wages earned, in violation of Labor Code § 226(a)(1), (a)(2), (a)(5),
13 and (a)(9). As a separate violation of Labor Code § 226(a), Plaintiffs were not provided with
14 accurate itemized wage statements whenever overtime and/or shift differential wages were paid.
15 In this regard, whenever overtime wages were paid to Plaintiffs, the wage statements failed to
16 correctly identify the overtime rate as 1.5 times the regular rate of pay. Rather, the wage
17 statements simply depict Plaintiffs' base hourly rate as the overtime rate in violation of Labor
18 Code § 226(a)(9). In addition, the total hours worked as listed on Plaintiffs' wage statements
19 were inaccurately listed whenever overtime and/or shift differential wages were paid. In
20 particular, the wage statements provided to Plaintiffs omitted the total of hours worked.
21 Moreover, whenever the hours worked as listed on the wage statements are added up, it does not
22 correspond to the actual total hours worked by Plaintiffs, in violation of Labor Code § 226(a)(2).
23 Lastly, Plaintiffs were required to purchase work uniforms from Defendants and were not
24 provided with any reimbursement for said uniform costs. As such, Plaintiffs are a member of the
25 Classes and has suffered the alleged violations of California Labor Code §§ 201-203, 226(a),
26 226.7, 450, 510, 512, 558, 1194, and 2802.
27     30.    The California Labor Code and upon which Plaintiffs bases these claims is
28 broadly remedial in nature. These laws and labor standards serve an important public interest in

establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

31.  The nature of this action and the format of laws available to Plaintiffs and members of the Classes identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiffs with Defendants' vastly superior financial and legal resources.  Requiring each individual class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

32.  The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual class members are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

33.  Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Classes identified herein, in a civil action, for unpaid minimum wages, overtime wages, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 201-203, 218.5, 226(a), 510, 558, 1194,

1  and Code of Civil Procedure § 1021.5.

2  34. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the class members to recovery on the causes of action alleged herein.

35. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 510, 558, AND 1194

## (BY PLAINTIFFS AND THE OVERTIME REGULAR RATE CLASS AGAINST ALL DEFENDANTS)

36. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 as though fully set forth herein.

37. This cause of action is brought pursuant to Labor Code § 510, which requires an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek.

38. As a pattern and practice, Defendants suffered and permitted employees to work in excess of eight hours in a workday and/or over 40 hours in a workweek without proper overtime pay. During workweeks where Plaintiffs and Class Members worked overtime and earned non-discretionary remuneration, including without limitation, shift differential wages, in the same workweek, Defendants failed to properly calculate the regular rate of pay for purposes of paying overtime. In particular, Defendants failed to factor any non-discretionary remuneration earned into the calculation of the regular rate of pay for purposes of paying overtime wages. As a result of such policy and practice, Defendants underpaid overtime wages to Plaintiffs and the Class and thus owe additional overtime wages.

39. Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to

1  recovery by Plaintiffs and the Class in a civil action, for the unpaid balance of the full amount of
2  damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according
3  to the mandate of California Labor Code §§ 218.5, 510, 558, and 1194.

4        40.     Plaintiffs are informed and believe, and based thereon allege, that Defendants'
5  willful failure to provide all overtime wages due and owing to Plaintiffs and Class Members
6  upon separation from employment results in a continued payment of wages up to thirty (30) days
7  from the time the wages were due.  Therefore, Plaintiffs and other members of the Class who
8  have separated from employment from Defendants are entitled to compensation pursuant to
9  Labor Code § 203.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.7 AND 512

### (BY PLAINTIFFS AND THE MEAL PERIOD CLASS AGAINST ALL DEFENDANTS)

13        41.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 40 as
14  though fully set forth herein.

15        42.     This cause of action is brought pursuant to Labor Code §§ 226.7 and 512, which
16  requires an employer to provide a duty-free, 30-minute meal period within the first five (5) hours
17  for shifts in excess of five (5) hours per day.  Plaintiffs and Class Members regularly worked in
18  excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each
19  day worked in excess of five (5) hours.

20        43.     At all relevant times, Defendants failed in their affirmative obligation to ensure
21  that Plaintiffs and Class Members had the opportunity to take and were provided with off-duty
22  meal periods in accordance with the mandate of the California Labor Code and the applicable
23  IWC Wage Order.  At all relevant times, Plaintiffs and Class Members were suffered and
24  permitted to work through legally required meal breaks and were denied the opportunity to take
25  their off-duty meal breaks.

26        44.     In this regard, Plaintiffs and Class Members were not provided with off-duty meal
27  periods due to staffing and operational needs of Defendants. Plaintiffs and Class Members were
28  provided with meal periods that were shorter than 30 minutes and/or late and not taken within the

11

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

first five (5) hours of their work shifts.

46. 45. As Plaintiffs and Class Members were denied compliant off-duty meal periods as required by California law, Defendants are responsible for paying premium compensation pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each 30-minute duty-free meal period Plaintiffs and Class Members missed.

46. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to California Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

47. Plaintiffs are informed and believe, and based thereon allege, that Defendants' willful failure to provide all meal period premium wages due and owing to Plaintiffs and Class Members upon separation of employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiffs and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## THIRD CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 2802

### (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

48. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 as though fully set forth herein.

49. This cause of action is brought pursuant to Labor Code § 2802, which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

50. At all relevant times herein, Defendants regularly failed to reimburse and indemnify Plaintiffs and Class Members for business expenses necessary for the discharge of their duties. Specifically, Defendants failed to pay Plaintiffs and Class Members for work-related expenses, including without limitation, the costs incurred with work uniforms that

1  Defendants required Plaintiffs and Class Members to purchase. Said work uniform costs were
2  not reimbursed.

3  51.  Defendants had a uniform corporate pattern and practice and procedure regarding
4  the above practice in violation of Labor Code § 2802.

5  52.  Such a pattern, practice and uniform administration of corporate policy regarding
6  illegal employee compensation as described herein is unlawful and creates an entitlement to
7  recovery by Plaintiffs and the Class in a civil action, for the unpaid balance of the full amount of
8  damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according
9  to the mandate of California Labor Code § 2802.

## FOURTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226(a)

**(BY PLAINTIFFS, THE OVERTIME REGULAR RATE CLASS, THE MEAL PERIOD CLASS, THE OVERTIME WAGE STATEMENT CLASS, AND THE SHIFT DIFFERENTIAL WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)**

53.  Plaintiffs re-allege and incorporate by reference paragraphs 1 through 52 as though fully set forth herein.

54.  Labor Code § 226(a) requires employers to provide itemized wage statements to its employees that identify accurate information, including without limitation, all applicable hourly rates in effect during the pay period, gross wages earned, net wages earned, and total hours worked by the employee. Defendants, as a matter of policy and practice, failed in its affirmative obligation to provide accurate itemized wage statements to Plaintiffs, Overtime Regular Rate Class Members, Meal Period Class Members, Overtime Wage Statement Class Members, and Shift Differential Wage Statement Class Members, in violation of Labor Code § 226(a).

55.  As a result of Defendants' violations of Labor Code §§ 510, 558, and 1194 as identified above, the wage statements issued to Plaintiffs and Overtime Regular Rate Class Members intentionally did not accurately identify the correct applicable hourly rates for overtime wages, gross wages earned, and net wages earned, in violation of Labor Code § 226(a)(1), (a)(5),

and (a)(9).

56. As a result of Defendants' violations of Labor Code §§ 226.7 and 512 as identified above, the wage statements issued to Plaintiffs and Meal Period Class Members did not accurately identify the correct net wages earned, gross wages earned, and hours worked.

57. As a separate violation of Labor Code § 226(a)(9), Defendants provided wage statements to Plaintiffs and Overtime Wage Statement Class Members that inaccurately identify the overtime hourly rates of pay whenever overtime wages were paid. In particular, Labor Code § 510 requires that overtime be paid at a rate of "no less than one and one-half times the regular rate of pay." However, whenever overtime wages were paid, the wage statements issued to Plaintiff and Overtime Wage Statement Class Members did not identify the overtime rate as 1.5 times the regular rate of pay. Rather, the overtime rate appeared on the wage statements as the employee's base hourly rate of pay.

58. As another separate violation of Labor Code § 226(a), Defendants also provided wage statements to Plaintiffs, Overtime Wage Statement Class Members, and Shift Differential Wage Statement Class Members that inaccurately identified the total hours worked whenever overtime and/or shift differential wages were paid. In this regard, the wage statements provided to Plaintiffs and Class Members omitted the total hours worked. Moreover, whenever the hours worked as listed on the wage statements are added up, the sum total does not correspond to the actual total hours worked by each employee in the pay period. Thus, Plaintiffs and Class Members cannot determine the total hours worked just by looking at the wage statements or by way of simple calculation. This is a direct violation of Labor Code § 226(a)(2).

59. The issuance of inaccurate wage statements caused actual injury to Plaintiffs and Class Members as they cannot accurately verify and/or calculate their wages.

60. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and Class Members identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

# FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

### (BY PLAINTIFF, THE CLASS, THE MEAL PERIOD CLASS, AND THE OVERTIME REGULAR RATE CLASS AGAINST ALL DEFENDANTS)

61. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 60 as though fully set forth herein.

62. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including by: (a) failing to pay employees overtime wages at the correct regular rate of pay in violation of Labor Code §§ 510, 558, and 1194; (b) failing to provide off-duty meal periods, or pay meal period premiums in lieu thereof, in violation of Labor Code §§ 226.7 and 512; and (c) failing to reimburse business expenses in violation of Labor Code § 2802.

63. Defendants' utilization of such unfair and unlawful business practices constitutes unfair and unlawful competition and provides an unfair advantage over Defendants' competitors.

64. Plaintiffs seek, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

65. Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business & Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiffs and other members of the Class the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

# SIXTH CAUSE OF ACTION

## VIOLATION OF THE PAGA, LABOR CODE §§ 2698, *ET SEQ.*

### (BY PLAINTIFF AND THE AGGRIEVED EMPLOYEES AGAINST ALL

DEFENDANTS)

66. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 65 as though fully set forth herein.

67. Plaintiffs bring this cause of action as a proxy for the State of California and in this capacity, seek penalties on behalf of all Aggrieved Employees from April 6, 2019, through the present, for Defendants' violations of Labor Code §§ 201-203, 226(a), 226.7, 450, 510, 512, 558, 1194, and 2802, arising from Defendants' following misconduct alleged above: (a) failure to pay overtime wages at the correct regular rate of pay that included non-discretionary remuneration, in violation of Labor Code §§ 201-203, 510, 558, and 1194; (b) failure to provide accurate itemized wage statements in violation of Labor Code § 226(a); (c) failure to provide off-duty meal periods or pay meal period premiums in lieu thereof, in violation of Labor Code §§ 201-203, 226.7, and 512; and (d) failure to reimburse business expenses in violation of Labor Code §§ 450 and 2802.

68. Because of Defendants' above-stated Labor Code violations, Plaintiffs are an "aggrieved employee" as defined in Labor Code § 2699(a). As such, Plaintiffs bring this cause of action on behalf of the State of California for violations committed against all similarly situated Aggrieved Employees of Defendant.

69. On or about May 8, 2020 and February 16, 2022, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code §§ 201-203, 226(a), 226.7, 450, 510, 512, 558, 1194, and 2802, pursuant to Labor Code § 2698, *et seq*. As of the date of the filing of this Complaint, the LWDA has yet to provide notice to Plaintiffs as to whether it intends to investigate the Labor Code violations provided for in the written notices. In addition to the LWDA, Plaintiffs also sent their written notices to Defendants via certified mail according to Labor Code § 2699.3.

70. As such, pursuant to Labor Code § 2699(a), Plaintiffs seek recovery of any and all applicable civil penalties for Defendants' violations of Labor Code §§ 201-203, 226(a), 226.7, 450, 510, 512, 558, 1194, and 2802, for the time period described above, on behalf of themselves and other Aggrieved Employees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment for themselves individually and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiffs as the representatives of the Classes as described herein;

3. For an order appointing counsel for Plaintiffs as Class counsel;

4. Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201-203, 218.5, 510, 558 and 1194, and for costs and attorneys' fees;

5. Upon the Second Cause of Action, for damages and/or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

6. Upon the Third Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201-203, 226.7, and 512, and for costs and attorneys' fees;

7. Upon the Fourth Cause of Action, for damages and/or penalties, and for costs and attorneys' fees, pursuant to California Labor Code § 2802;

8. Upon the Fifth Cause of Action, for restitution to Plaintiffs and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business & Professions Code § 17200, *et seq.*;

9. Upon the Sixth Cause of Action, for the full amount of civil penalties pursuant to Labor Code §§ 226.3 and 2698, *et seq.*, and for costs and attorneys' fees;

10. On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 510, 558, 1194, and 2698, *et seq.*, and Code of Civil Procedure § 1021.5; and

11. For such other and further relief as the Court may deem just and proper.

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1 | DATED: August 3, 2022          DIVERSITY LAW GROUP, P.C.

By: *s/ Larry W. Lee*
    Larry W. Lee
    Mai Tulyathan
Attorneys for Plaintiff, the Class, and Aggrieved Employees